IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BETTY L. GREEN, )
)
    Plaintiff, )
)
v. ) Case No. CIV-09-1013-M
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
    Defendant. )

## **REPORT AND RECOMMENDATION**

The Court should deny the Defendant's motion to dismiss.

Federal Rule of Civil Procedure 4(m) allowed Ms. Green to serve the Defendant within 120 days of the filing of the complaint. Fifty-seven days before the 120-day period expired, the Defendant moved to dismiss for failure to effect timely service. The Defendant was correct about the lack of proper service. But, when the Defendant moved for dismissal, Ms. Green had 57 days remaining on the 120-day period.

With these days, the service deadline would ordinarily have fallen on January 13, 2010. But, the Court extended the period to February 14, 2010.[1] Prior to this deadline, service was perfected on the Attorney General of the United States, the United States

---

[1]     *See* Fed. R. Civ. P. 4(i)(4)(A).

Attorney, and the Commissioner of the Social Security Administration.[2] Accordingly, the Court should deny the motion to dismiss.

Any party may file written objections with the Clerk of the United States District Court by March 15, 2010.[3] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[4]

The referral is not terminated.

Entered this 24th day of February, 2010.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[2] *See* Fed. R. Civ. P. 4(i)(1)-(2). After completion of service, the Defendant filed an answer which did not include a challenge to service of process. Thus, even if service had not been complete, the Defendant would have waived the objection by omission of the issue in its answer. *See* Fed. R. Civ. P. 12(b)(5), 12(h)(1)(B)(ii).

[3] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2).

[4] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").