IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BETTY L. GREEN, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-09-1013-M
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

## **REPORT AND RECOMMENDATION**

The administrative law judge found that Ms. Green was not disabled and denied her application for insurance benefits. Administrative Record at pp. 16, 18-19, 22-23 (certified Nov. 5, 2009). The Appeals Council denied Ms. Green's request for review. *Id.* at pp. 9-13. Ms. Green then brought the action in this Court for judicial review. The Court should affirm.

Under the Court's briefing schedule,[1] the Plaintiff had a duty to file an opening brief by April 5, 2010.[2] Rather than file a brief with her arguments, Ms. Green filed a document titled "Plaintiff's Motion to Obtain Declaratory Judgement and Injunctive Relief." Doc. 35. There, the Plaintiff:

---

[1] Doc. 25.

[2] The Plaintiff's actual deadline fell on April 3, 2010. But that day fell on a Saturday, resulting in an automatic extension until the following Monday. *See* Fed. R. Civ. P. 6(a)(1)(C).

- referred to the Defendant's denial of allegations in the complaint[3] and

- claimed entitlement to benefits based on Mr. Astrue's implicit admission of the allegations by filing a motion to dismiss.

*Id.*

Unclear whether Ms. Green had intended this motion to serve as her opening brief, the Court conducted a telephone conference with both parties. During the conference, the Plaintiff explained that she had intended the motion to serve as her opening brief and declined the Court's invitation to request an extension of time to file anything further.

As noted above, the Plaintiff stated in her motion that she was entitled to benefits based on the Defendant's filing of a motion to dismiss. *See* Doc. 35. The Plaintiff's argument is not persuasive. The Commissioner filed a motion to dismiss based on his belief that he had not been properly served. In doing so, the Commissioner did not concede any of the Plaintiff's allegations.

Once service was completed, the Court acquired the task of deciding the appeal. To facilitate meaningful judicial review, the Court ordered Ms. Green to file a brief with her arguments for reversal of the administrative decision. Instead, the Plaintiff relied solely on her fruitless assumption that the motion to dismiss had constituted an "admission" of everything in the complaint. *See supra* pp. 1-2. The Plaintiff's failure to present a valid argument for reversal leaves the Court without a way to adjudicate her appeal in any

---

[3] The Plaintiff refers to a February 17 filing, but the Plaintiff apparently meant to refer to Mr. Astrue's answer. That document had been filed the day before. Doc. 22.

meaningful fashion. As a result, the Court should affirm. *See Wilson v. Astrue*, 249 Fed. Appx. 1 (10th Cir. Aug. 29, 2007) (unpublished op.);[4] *Young v. Astrue*, 219 Fed. Appx. 840, 842 (10th Cir. Mar. 22, 2007) (unpublished op.) (holding in a social security appeal that a *pro se* claimant waived decisional errors in the administrative process through her "generalized and conclusory statements" that "wholly fail[ed] to frame or develop any perceived error in the Commissioner's decision" (citation omitted)).

Ms. Green may object to this report and recommendation by filing an objection with the Court Clerk for the Western District of Oklahoma. The deadline for objections is June 1, 2010. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1)(C), 6(a)(3)(A), 6(a)(6)(A), 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling.[5]

The referral is discharged.

---

[4] In *Wilson*, the *pro se* plaintiff filed an appeal from the district court's order affirming a denial of disability benefits. *See Wilson v. Astrue*, 249 Fed. Appx. 1, 1 (10th Cir. Aug. 29, 2007) (unpublished op.). The federal appellate court upheld the district court's affirmance of the denial of social security benefits, finding no error in the lower court's rationale. *Id.* at 3. The Tenth Circuit Court of Appeals concluded that it was "hamstrung" because the plaintiff had merely expressed dissatisfaction with the denial of benefits. *Id.* The same can be said for Ms. Green, as she has failed to raise any argument regarding error in the administrative decision. Instead, she simply assumes that the Commissioner was waiving his defense by filing a motion to dismiss. *See supra* pp. 1-2.

[5] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 14th day of May, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge